**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KJ KOREA, INC., d/b/a HEALTH KOREA, and YOUNG KI EUN, individually<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH KOREA, INC, and KAY PARK, individually<br><br>Defendants. | Case No.: 13 CV 6902<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT<br><br>DEMAND JURY TRIAL |

**COMPLAINT**

NOW COME the Plaintiffs, KJ KOREA, INC., d/b/a HEALTH KOREA, and YOUNG KI EUN, individually, by and through their undersigned counsel, for their Complaint against the Defendants Health Korea, Inc. and Kay Park, individually, allege as follows:

**Nature of the Action**

1. This action concerns Defendants' trademark infringement and unfair competition under the Lanham Act and unfair competition under Illinois statutory and common law.

**Jurisdiction and Venue**

2. Jurisdiction over the subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of

1

citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutes and common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because Defendant Health Korea, Inc. has its principal place of business in County of Cook, and Defendant Kay Park resides in County of Cook, both citizens of the State of Illinois.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400 (a) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5. Plaintiff, Mr. Young Ki Eun, is an individual residing in Los Angeles, California.

6. Plaintiff, KJ KOREA, INC., d/b/a HEALTH KOREA, is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

7. Upon information and belief, at all times relevant, Defendant Health Korea, Inc. is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business in County of Cook, Illinois.

8. Upon information and belief, at all times relevant, Defendant Kay Park is an individual residing in County of Cook, Illinois.

## Plaintiffs' Business and Trademark Rights

9. Plaintiff Young Ki Eun adopted and used the trademark "헬스 코리아" (the Korean characters for the English translation of "Health Korea") and "HEALTH KOREA" at

least as early as January 1, 2008, and sold various goods, including but not limited to electric massage appliances and massage apparatus and instruments in the interstate commerce.

10. Plaintiff Young Ki Eun found limitations in personally selling and marketing the goods so he desired to have a retail shop to market and sell various goods, including but not limited to electric massage appliances and massage apparatus and instruments, and found Ms. Yeo Hoon Eun interested in investing, opening and operating a retail shop to market and sell various goods, including but not limited to electric massage appliances and massage apparatus and instruments using, including but not limited to, the trademarks and service marks: "헬스 코리아", "HEALTH KOREA," and combination trademark combining both "헬스 코리아" and "HEALTH KOREA." Ms. Yeo Hoon Eun is the wife of Plaintiff Young Ki Eun.

11. Ms. Yeo Hoon Eun expeditiously incorporated Plaintiff KJ Korea, Inc. in California in April, 2008.

12. Plaintiff KJ Korea, Inc. promptly received an exclusive license from Plaintiff Young Ki Eun to use the trademark "헬스 코리아" and its variation marks and opened its first retail shop selling not only electric massage appliances and massage apparatus and instruments bearing the trademark "헬스 코리아", but also various other products, specifically including but not limited to nutritional supplements, health food products, and other health and fitness oriented products using the trademarks and service marks: "헬스 코리아", "HEALTH KOREA," and various versions of combination of Korean and English versions, such as

"  " (hereafter referred together as the "Plaintiff Marks), at least as early as

April of 2008.

13. Plaintiff Young Ki Eun currently owns the U.S. trademark registration for "헬스 코리아," U.S. Trademark Registration 3,968,033 with the registration date of May 24, 2011, (referred hereafter as the " '033 Mark") for Electric massage appliances, namely, electric vibrating massager, Massage chairs; and Massage apparatus and instruments. *Exhibit A*.

14. Plaintiff Young Ki Eun currently also owns the U.S. trademark application for "헬스코리아 HEALTH KOREA," U.S. Trademark application Serial Number 86040691 (referred hereafter as the " '691 Mark") for On-line retail store services featuring massagers, electrical and non-electrical massagers, vibration devices for massages and beauty treatment, nutritional supplements, fitness equipments, electrical health monitoring devices, electric and non-electric mat, skin care products, beauty care products, personal hygiene products, water purifiers, and faucets; Retail shops featuring massagers, electrical and non-electrical massagers, vibration devices for massages and beauty treatment, nutritional supplements, fitness equipments, electrical health monitoring devices, electric and non-electric mat, skin care products, beauty care products, personal hygiene products, water purifiers, and faucets. *Exhibit B*.

15. Plaintiffs are the owners of the following United States Federal Trademark Registration, United States Federal Trademark Application, and alleged Common Law rights in Illinois.

| Mark | Legal Basis | Goods or Services | First Use Date |
|---|---|---|---|
| 헬스 코리아 | U.S. Trademark **Registration** 3,968,033 with the registration date of **May 24, 2011** [Supplemental | IC 010 for Electric massage appliances, namely, electric vibrating massager, Massage chairs; and Massage apparatus and instruments. | First Date of Use anywhere and in Interstate Commerce is at least as early as January 30, 2008 |

4

| | | | |
|---|---|---|---|
| | Register] | | |
| 헬스코리아 HEALTH KOREA | **Common Law** [Currently U.S. Trademark application Serial Number 86040691] | IC 035 for *inter alia* On-line retail store services featuring…nutritional supplements…skin care products, beauty care products…; Retail shops featuring…nutritional supplements…skin care products, beauty care products… | First Date of Use **in Illinois** is at least as early as **May, 2009** First Date of Use anywhere and in Interstate Commerce is at least as early as January 30, 2008 |
| HEALTH KOREA | **Common Law** | IC 010 for for *inter alia* Electric massage appliances… IC 035 for *inter alia* On-line retail store services featuring…nutritional supplements…skin care products, beauty care products…; Retail shops featuring…nutritional supplements…skin care products, beauty care products… | First Date of Use **in Illinois** is at least as early as **May, 2009** First Date of Use anywhere and in Interstate Commerce is at least as early as January 30, 2008 |

16.     Plaintiff Young Ki Eun and Plaintiff KJ Korea, Inc. have been continuously using the Plaintiffs Marks, including but not limited to the '033 Mark, the '691 Mark, and the English mark "HEALTH KOREA," since 2008 and are currently using the Plaintiffs Marks in four retail shops throughout Southern California and advertising, marketing and selling the goods throughout the United States, specifically including Chicago area.

17.     Plaintiffs have been selling, advertising and promoting the goods and services bearing the Plaintiffs Marks in Chicago and nationwide since May, 2009 via various advertising channels, including but not limited to The Asia Network, Inc., SBS International, and Television Korea 24, Inc. through various cable and satellite channels.

18.     The Plaintiffs have spent more than a million dollars in advertising and promoting

goods and services bearing the Plaintiffs Marks in 2012, and continue to spend more than On Hundred Thousand Dollars per month in advertising and promoting goods and services bearing the Plaintiffs Marks.

19. Plaintiffs have been selling and shipping, more specifically, goods including massagers and nutritional supplements using the Plaintiffs Marks in Chicago to various retailers and distributors since at least as early as November of 2011.

20. As a result of quality of goods, care and skill exercised by Plaintiffs in their conduct of their business, as well as their extensive advertising, sales, and promotions of goods and services of the Plaintiffs Marks over at least the last five continuous years of use of the Plaintiffs Marks, specifically including the '033 Mark, the Plaintiffs Marks have acquired the secondary meaning in the United States.

21. Since the date of the First Use of the Plaintiffs Marks, including but not limited to the '033 Mark, Plaintiffs have manifested the intent to maintain exclusive ownership of the Plaintiffs Marks.

22. Plaintiffs regularly and carefully monitor and police the use of the Plaintiffs Marks.

23. Plaintiffs regularly and carefully monitor and quality of goods and services on which the Plaintiffs Marks are used.

**Defendants' Business and Infringing Activities**

24. Defendant Health Korea, Inc., is a relatively new corporation, established in the County of Cook of Illinois, on or about in December 7, 2012.

25. On information and belief, Defendant Kay Park is either the President and/or the Principal of Defendant Health Korea, Inc. having a unity of interest and ownership between

6

Defendant Kay Park and Defendant Health Korea, Inc. such that any individuality and separateness between Defendant Kay Park and Defendant Health Korea, Inc. have ceased and that Defendant Health Korea, Inc. is the alter ego of Defendant Kay Park.

26. On information and belief, Defendant Health Korea, Inc. opened its first retail store named Health Korea on or about August 16, 2013, located in the County of Cook, Illinois, selling various massage apparatus and nutritional supplements.

27. Prior to the Defendant Health Korea, Inc. opening its first retail store named Health Korea, on June 20, 2013, Defendant Kay Park visited a Plaintiff KJ Korea, Inc.'s retail store in the Korea Town Plaza, Los Angeles, displaying the Plaintiffs Marks and selling not only massagers but also various nutritional supplements, and expressed her desire in obtaining a license to use and display "CHUNHO" trademark to sell various CHUNHO nutritional supplements sold by Plaintiffs. At that time, Defendant Kay Park observed the Plaintiff KJ Korea, Inc.'s retail store and the merchandises on display throughout, including but not limited to the store layout, the display arrangement, the merchandise arrangement, and the store ambience.

28. On June 20, 2013, or soon thereafter, Defendant Kay Park then visited a second Plaintiff KJ Korea, Inc.'s retail store in Assi Market in the Korea Town, Los Angeles, and also expressed her desire in obtaining a license to use and display "CHUNHO" trademark to sell various CHUNHO nutritional supplements sold by Plaintiffs, and requested better pricing than sold to other distributors. At that time, Defendant Kay Park also observed the Plaintiff KJ Korea, Inc.'s second retail store and the merchandises on display throughout, including but not limited to the store layout, the display arrangement, the merchandise arrangement, and the store ambience.

29. The employees of Plaintiff KJ Korea, Inc.'s retail stores informed Mr. William Kim, the marketing director for Plaintiff KJ Korea, Inc., of the discussions they had with

Defendant Kay Park, and Defendant Kay Park and Mr. William Kim corresponded soon thereafter.

30. During conversations between Defendant Kay Park and Mr. William Kim, Defendant Kay Park told Mr. William Kim, that she is going to use the name "HEALTH KOREA" on her new store opening in August, 2013, because she has learned of "HEALTH KOREA" through the advertisements on SBS (a Korean television broadcasting service) in Chicago.

31. Defendant Kay Park also told Mr. William Kim, that since her first learning of HEALTH KOREA, through her research, she found that the trademark/service mark "HEALTH KOREA" is not only popular but also very well recognized in the Korean community and therefore, she believes that any products and services bearing "HEALTH KOREA" trademark/service mark would be successful; therefore, she must use the name "HEALTH KOREA."

32. At that time, Mr. William Kim clearly told Defendant Kay Park that she cannot use the trademark "HEALTH KOREA" in any form, because it is a federally registered trademark.

33. On July 29, 2013, Mr. William Kim sent an email once again stating that Defendant Kay Park cannot use "HEALTH KOREA," because the mark "헬스 코리아" is a federally registered trademark.

34. On August 14, 2013, Defendant Kay Park replied to Mr. William Kim's email and stated, *inter alia*, that because she has received a charter from the State of Illinois to establish a corporation under the name, Health Korea, Inc., that she can use the name "HEALTH KOREA" as a business name. Moreover, Defendant Kay Park stated that she can operate any business under that name "HEALTH KOREA" and refused to take down the storefront sign located at the front of the Defendant Health Korea, Inc.'s retail store containing the name "HEALTH KOREA."

8

35. On August 14, 2013, Mr. William Kim replied via an email once again clearly stating that Defendant Kay Park cannot use "HEALTH KOREA" and requested that she does not open the new retail store using the mark "HEALTH KOREA," because the mark "헬스 코리아" is a federally registered trademark and that Plaintiffs have been using the Plaintiffs Marks for about six (6) years.

36. Thereafter, despite the efforts of Plaintiffs to notify and warn Defendants to discontinue using the Plaintiffs Marks or any marks that have likelihood of confusion with the Plaintiffs Marks, Defendants on or about August 15, 2013, opened a retail store displaying " ," using the mark "HEALTH KOREA" as a service mark. *Exhibit C*.

37. Moreover, as shown in copies of sections of a recently published newspaper advertising of Defendant Health Korea, Inc., the use of "HEALTH KOREA" by the Defendant Health Korea, Inc. is not limited to the use of "HEALTH KOREA" in its business name, but is clearly a trademark/service mark use. *Exhibit D*.

38. On August 16, 2013, Defendant Health Korea, Inc. filed for a U.S. trademark application serial number, 86/040,023, for " " for health food supplements, clearly indicating that its use of the name "HEALTH KOREA" was never intended to be limited to its corporate name, but an attempt to use unfairly the goodwill acquired by Plaintiffs through their hard work and extensive marketing. *Exhibit E*.

39. On August 27, 2013, Plaintiff's counsel sent a Cease and Desist letter outlining the relevant law and the demand to cease and desist their use of infringing trademarks/service marks

9

that have likelihood of confusion against the Plaintiffs' registered mark "헬스 코리아," and against the Plaintiffs' trademark rights in the State of Illinois under common law. *Exhibit F*. However, in spite of the cease and desist letter and warning of legal consequences, Defendants ignored and made absolutely no response.

40. Defendants actively continues to use one or more infringing marks with full knowledge of Plaintiffs Marks and their federally registered rights and common law rights, and in spite of the Plaintiffs' demand to cease and desist Defendants' infringing uses.

41. Defendants are actively engaging in the above-infringing activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of Plaintiffs.

42. Plaintiffs have evidence of actual confusion since the Defendants' use of allegedly infringing marks in Defendants' advertising efforts in the Chicagoland area.

43. Plaintiffs have been damaged by Defendants' infringing activities.

44. On information and belief, Defendants have made and will continue to make profits and/or gains to which Defendants are not entitled in law or in equity.

45. On information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

46. On information and belief, Defendants have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## Count I

### FEDERAL TRADEMARK INFRINGEMENT, TITLE 15 U.S.C. §1114

47. Plaintiffs repeat and re-allege as if fully set forth herein paragraphs 1 through 46 as paragraph 47 of this count and further allege:

48. Plaintiff Young Ki Eun exclusively owns the '033 Mark.

49. Plaintiff Young Ki Eun has and is continuing to use the '033 Mark through his exclusive licensee Plaintiff KJ KOREA, INC., d/b/a HEALTH KOREA in interstate commerce in connection with the advertising and promotion of its listed products: Electric massage appliances, namely, electric vibrating massager, Massage chairs; and Massage apparatus and instruments.

50. Defendants have used and continue to use variations of the '033 Mark having likelihood of confusion in interstate commerce in connection with the operating of retail store selling one or more electric massage appliances and nutritional supplements in the County of Cook, Illinois.

51. On information and belief, Defendants' unauthorized use of variations of the '033 Mark having likelihood of confusion has caused, and will likely cause confusion, mistake or deception in the relevant consumer market.

52. On information and belief, Defendants' unauthorized use of variations of the '033 Mark having likelihood of confusion constitutes trademark infringement in violation of Title 15 U.S.C. §§1114 and 1117.

53. Defendants have acted in bad faith and/or willfully in adopting variations of the '033 Mark having likelihood of confusion, including but not limited to spelling out in English the very same words of the registered Korean mark under the '033 Mark, in connection with the operating of its retail store in an effort to reap the benefits of the goodwill associated with the Plaintiffs' registered '033 Mark.

54. Defendants' infringing activities have caused and will continue to cause Plaintiffs to suffer irreparable injuries to their reputation and goodwill. Plaintiffs do not have an adequate remedy at law to recover for this harm, and therefore, Plaintiffs are entitled to injunctive relief.

## Count II

FEDERAL UNFAIR COMPETITION, TITLE 15 U.S.C. §1125

55. Plaintiffs repeat and re-allege as if fully set forth herein paragraphs 1 through 54 as paragraphs 55 of this count and further allege:

56. On information and belief, Defendants' unauthorized use of variations of the '033 Mark having likelihood of confusion, including but not limited to the Defendants use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection or association of the Defendants' marks with Plaintiffs' registered '033 Mark and other Plaintiffs Marks, and as well as with Plaintiffs;

    b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

    c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of the '033 Mark having likelihood of confusion.

57. The aforementioned acts constitute Federal Unfair Competition in violation of Title 15 U.S.C. §1135(a).

## Count III

UNFAIR COMPETITION IN VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES, ACT-815 ILCS 510/1 ET SEQ

58. Plaintiffs repeat and re-allege as if fully set forth herein paragraphs 1 through 57 as paragraph 58 of this count and further allege:

59. On information and belief, Defendants' unauthorized use of variations of the Plaintiffs Marks having likelihood of confusion, including but not limited to the Defendants use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection or association of the Defendants' marks with the Plaintiffs Marks, and as well as with Plaintiffs;

    b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

    c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of the Plaintiff Marks having likelihood of confusion.

60. The aforementioned Defendants' acts constitute Unfair Competition in violation of The Uniform Deceptive Trade Practices, ACT-815 ILCS 510/1 et seq.

### Count IV

UNFAIR COMPETITION IN VIOLATION OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES, ACT-815 ILCS 505/1 ET SEQ

61. Plaintiffs repeat and re-allege as if fully set forth herein paragraphs 1 through 60 as paragraph 61 of this count and further allege:

62. On information and belief, Defendants' unauthorized use of variations of the Plaintiffs Marks having likelihood of confusion, including but not limited to the Defendants use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, false or misleading representation of fact, false

pretense, and/or false promise and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection or association of the Defendants' marks with the Plaintiffs Marks, and as well as with Plaintiffs;

    b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

    c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of the Plaintiffs Marks having likelihood of confusion.

63. The aforementioned Defendants' acts constitute Unfair Competition in violation of The Consumer Fraud and Deceptive Business Practices, ACT-815 ILCS 505/1 et seq.

## Count V

COMMON LAW TRADEMARK INFRINGEMENT

64. Plaintiffs repeat and re-allege as if fully set forth herein paragraphs 1 through 63 as paragraph 64 of this count and further allege:

65. Plaintiffs own all rights, title, and interest in and to the Plaintiffs Marks, including but not limited to all common law rights in such marks due to their first use in the Chicagoland area of the State of Illinois.

66. On information and belief, Defendants' unauthorized use of variations of the Plaintiff Marks having likelihood of confusion, including but not limited to the Defendants use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, false or misleading representation of fact, false pretense, and/or false promise and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

14

    a. the affiliation, connection or association of the Defendants' marks with the Plaintiffs Marks, and as well as with Plaintiffs;

    b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

    c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of the Plaintiffs Marks having likelihood of confusion.

67. The aforementioned Defendants' acts constitute trademark infringement in violation of the common law of the State of Illinois.

### Count VI

COMMON LAW UNFAIR COMPETITION

68. Plaintiffs repeat and re-allege as if fully set forth herein paragraphs 1 through 67 as paragraph 68 of this count and further allege:

69. Plaintiffs own all rights, title, and interest in and to the Plaintiffs Marks, including but not limited to all common law rights in such marks due to first use in the Chicagoland area of the State of Illinois.

70. On information and belief, Defendants' unauthorized use of variations of the Plaintiffs Marks having likelihood of confusion, including but not limited to the Defendants use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, false or misleading representation of fact, false pretense, and/or false promise and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    a. the affiliation, connection or association of the Defendants' marks with the Plaintiffs Marks, and as well as with Plaintiffs;

   b. the origin, sponsorship, or approval of the Defendants' marks by Plaintiffs;

   c. the nature, characteristics, or qualities of Defendants' goods that bear and/or rendering of services in connection with Defendants' use of variations of the Plaintiffs Marks having likelihood of confusion.

71.  The aforementioned Defendants' acts constitute unfair competition in violation of the common law of the State of Illinois.

### Count VII

UNJUST ENRICHMENT

72.  Plaintiffs repeat and re-allege as if fully set forth herein paragraphs 1 through 71 as paragraph 72 of this count and further allege:

73.  Defendants are actively engaging in the above-infringing activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of Plaintiffs.

74.  The aforementioned Defendants' acts constitute unjust enrichment of Defendants at the Plaintiffs' expense in violation of the common law of the State of Illinois.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants jointly and severally as follows:

 A.  Finding that: (i) Defendants have willfully and wantonly violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have willfully and wantonly diluted one or more Plaintiffs Marks in violation of Illinois common law, the Illinois Unfair Competition in violation of The Uniform Deceptive Trade Practices, ACT-815 ILCS 510/1 et seq. and/or

        Unfair Competition in violation of The Consumer Fraud and Deceptive Business Practices, ACT-815 ILCS 505/1 et seq.; (iii) Defendants have willfully and wantonly engaged in trademark infringement and unfair competition under the common law of Illinois; (iv) Defendants have been unjustly enriched in violation of Illinois common law; and (v) Defendants are jointly liable for all damages;

B.    Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. §1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with Defendants from engaging in any activity constituting infringement and/or unfair competition against Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of any marks that may cause likelihood of confusion against Plaintiffs Marks;

C.    Ordering the immediate withdrawal of Defendant Health Korea, Inc.'s currently pending U.S. trademark application serial number 86/040,023;

D.    Awarding Plaintiffs actual and statutory damage to which they are entitled under applicable federal and state law;

E.    Awarding Plaintiffs their costs, attorneys' fees, investigation fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505);

F.    Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

    G.    Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated: September 25, 2013

Respectfully submitted,

KJ Korea, Inc. d/b/a Health Korea
and YOUNG KI EUN, individually

Attorneys for Plaintiffs

/s/ John K. Park
John K Park, CA Bar #175212
*Motion to Appear Pro Hac Vice Pending*
Park Law Firm
3255 Wilshire Blvd., Suite 1110
Los Angeles, CA 90010
(T) 213-389-3777
(F) 213-389-3377
Email: park@parklaw.com

/s/ Samuel S. Bae
Samuel S. Bae - 6257863
Law Office of Samuel S. Bae
2720 South River Road, Suite 36
Des Plaines, Illinois 60018
(T) 847-813-6992
(F) 847-813-6993
Email: ssb@baelegal.com